UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————————

CARL DIANTONIO,

              Plaintiff,           Civil No. 14-4526 (NLH/JS)

v.

VANGUARD FUNDING, LLC, et al.,    **OPINION**

              Defendants.

———————————————————————

**APPEARANCES:**

Joseph Ives Picillo, Esquire
The Picillo Law Firm LLC
112 Johnson Road
Turnersville, New Jersey 08012

     *Counsel for Plaintiff*

Sherri A. Affrunti, Esquire
Reed Smith LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, New Jersey 08540

     *Counsel for Defendants*

**HILLMAN, District Judge:**

Presently before the Court is the motion [Doc. No. 13] of Defendants, Vanguard Funding, LLC, Ed Bohm, Brian Ofsie, Robert Tuzzo, Nick Maniscalco and Nancy Azzara, seeking judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  Plaintiff, Carl

DiAntonio, did not file opposition to the motion.[1]  The Court has considered Defendants' submissions and decides this matter pursuant to Fed. R. Civ. P. 78.

For the reasons that follow, Defendants' motion will be granted in part and denied in part.

I.   <u>BACKGROUND</u>

In this action, Plaintiff alleges that he was employed by Defendant Vanguard Funding LLC (hereafter, "Vanguard") as the manager of an office in New Jersey.  (Compl. ¶ 10.)  According to Plaintiff, he entered into a contract with Vanguard by which Plaintiff was to be paid based upon agreed percentage terms for mortgages produced by Plaintiff or his branch employees.  (<u>Id.</u>)  Plaintiff purportedly entered into this contract after several conversations, interviews and negotiations with Defendants Tuzzo and Maniscalco, who allegedly attempted to entice Plaintiff to enter into service exclusively producing mortgages for Vanguard.  (<u>Id.</u> ¶ 11.)  Plaintiff contends that Defendants failed to pay Plaintiff what he was owed under the contract.  (<u>Id.</u> ¶ 12.)  Plaintiff avers that the purported basis for Defendants' refusal to pay was that an employee in Plaintiff's office alleged that Plaintiff sexually harassed her, but it was thereafter

---

[1] The Court notes that Plaintiff's attorney recently filed a motion to withdraw as counsel.  The motion is pending before the Honorable Joel Schneider, United States Magistrate Judge.

determined that the employee's allegations were false.   (Id. ¶ 16.)  Because Defendants failed to pay Plaintiff, he allegedly was forced to terminate his relationship with Vanguard and seek new employment.  (Id. ¶ 17.)

Additionally, Plaintiff avers that Bohm and other defendants subsequently made defamatory statements to a company that Plaintiff began working for, telling "high-level officers" that Plaintiff was about to be charged with rape.  (Compl. ¶ 20.)  Plaintiff was then called to the head office of his new employer to "face an inquisition" requiring him to defend himself in connection with the false allegations.  (Id. ¶ 21.) Plaintiff asserts that as a result of the "slanderous and defamatory allegations," he is the subject of heightened scrutiny causing a "great deal" of stress.  (Id. ¶¶ 22, 23.)

Plaintiff filed a thirteen-count complaint in the Superior Court of New Jersey, Law Division, Camden County, and the action was then removed to this Court.  Although the counts of the complaint do not contain titles identifying the causes of action, it appears that Plaintiff asserts the following claims: breach of contract (Counts I and V), defamation (Counts II, III, IV, and VII), tortious interference (Counts VI and VIII), and negligence (Counts IX and X).  Count XIII appears to be an effort to establish liability against Bohm, Ofsie, and Vanguard

under the doctrine of respondeat superior.  Counts XI and XII
are placeholder claims against fictitious defendants.

## II.   <u>JURISDICTION</u>

Plaintiff brought suit in the Superior Court of New Jersey,
and the case was removed to this Court on the basis of diversity
jurisdiction.  Defendants' removal notice, however, did not
sufficiently establish diversity jurisdiction, and the Court
required Defendants to demonstrate that the Court may exercise
subject matter jurisdiction over this matter.  Defendants filed
an amended notice of removal in response to the Court's Order.
Upon reviewing Defendants' amended removal notice, the Court is
satisfied that there is complete diversity among the parties and
that subject matter jurisdiction is appropriate under 28 U.S.C.
§ 1332.

## III.  <u>STANDARD FOR DISMISSAL</u>

Defendants move for dismissal pursuant to Fed. R. Civ. P.
12(c) rather than Fed. R. Civ. P. 12(b)(6).  In analyzing a Rule
12(c) motion, a court applies the same legal standards as
applicable to a motion filed pursuant to Rule 12(b)(6).  <u>Turbe
v. Gov't of V.I.</u>, 938 F.2d 427, 428 (3d Cir. 1991).

In considering whether a plaintiff's complaint fails to
state a claim, the Court must accept all well-pleaded
allegations in the complaint as true and view them in the light

most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d
347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of
Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a
motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . .
. required to accept as true all factual allegations in the
complaint and draw all inferences from the facts alleged in the
light most favorable to" the plaintiff).  A pleading is
sufficient if it contains "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R.
Civ. P. 8(a)(2).

   "[A] complaint must do more than allege the plaintiff's
entitlement to relief." Fowler, 578 F.3d at 211; see also
Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly
formulation of the pleading standard can be summed up thus:
'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element.  This
'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element.") (citing Twombly, 550 U.S. at 556, 127
S. Ct. 1955).

   A court in reviewing a Rule 12(b)(6) motion must consider
the facts alleged in the pleadings, the documents attached
thereto as exhibits, and matters of public record.  Guidotti v.

5

Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013).
A court may also consider "'undisputedly authentic documents if
the complainant's claims are based upon these documents[.]'"
Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir.
2010)).

IV.   **ANALYSIS**

In their motion, Defendants argue that Plaintiff has failed
to sufficiently plead any of his claims against them.  (Mem. of
Law in Supp. of Defs.' Mot. for J. on the Pleadings (hereafter,
"Defs.' Br.") 5.)  Defendants assert that Plaintiff has not met
the basic requirements of Twombly/Iqbal.  (Id. at 7, 9, 11.)

Federal Civil Procedure Rule 8(a) provides that a "pleading
that states a claim for relief must contain . . . a short and
plain statement of the claim showing that the pleader is
entitled to relief."  Fed. R. Civ. P. 8(a)(2).[2]  Concomitant with

---

[2] Because the Court determines only whether the complaint
contains enough facts to satisfy Rule 8(a), the Court will not
set forth the legal elements for proving each of the claims in
the complaint.  Plaintiff's claims are based on state law, and a
determination as to whether a complaint states a claim requires
a finding about which state's law applies to each claim.
Defendants argue that it is possible that Plaintiff's claims
arise under either New Jersey law or New York law.  (Defs.' Br.
5 n.2.)  Defendants analyze the motion under New Jersey law but
refuse to concede that New Jersey law applies.  (Id.)  Even if
the parties agreed that New Jersey law applies, the Court must
conduct a choice of law analysis.  See Shannon v. B.L. England
Generating Station, Civ. A. No. 10-04524, 2013 WL 6199173, at *4
(D.N.J. Nov. 27, 2013) ("Because this Court knows of no New
Jersey choice-of-law authority allowing parties to stipulate as

6

this rule, the Twombly/Iqbal pleading standard, as detailed
above, requires that a claim must be pled with enough factual
matter to suggest the required elements necessary to prove that
claim.

### A. Breach of Contract

The allegations of the complaint apparently arise from the
existence of an agreement entitling Plaintiff to be paid, but
the complaint fails to allege any specific facts that would give
Defendants fair notice of the claim.  "It is axiomatic that
contract-based claims that do not adequately identify the
contract at issue fail to 'set forth fair notice' of a claim and
'the grounds upon which it rests' and do not 'raise a right to
relief above the speculative level.'"  In re Samsung DLP
Television Class Action Litig., Civ. A. No. 07-2141, 2009 WL
3584352, at *6 (D.N.J. Oct. 27, 2009).

Here, the complaint does not contain the specific terms of
the contract, does not identify how much money Plaintiff was due
under the contract, and does not identify the actual terms or
provisions of the contract that Defendants allegedly breached.
Defendants note that there is an Outside Loan Origination

---

to applicable law, the analysis does not end on the basis of the
parties' mutual agreement that New Jersey substantive law
applies.").  Therefore, any future motion addressing the merits
of this case must thoroughly discuss the choice of law issue.

Agreement between Plaintiff and Vanguard, a copy of which is attached to Defendants' brief, but they also note that the complaint alleges that Defendants made unspecified oral promises to Plaintiff.  (Defs.' Br. 7.)  Defendants also note that the Outside Loan Origination Agreement is only between Plaintiff and Vanguard, yet Plaintiff's contract claim is asserted against all of the defendants.  (Id.)  It is thus unclear whether the breach of contract claim is based on a breach of the Outside Loan Origination Agreement, an alleged oral agreement, or both. Additionally, Plaintiff's allegation that Defendants' refusal to pay Plaintiff some unspecified amount due under the contract is conclusory.  As such, the Court finds that the complaint does not satisfy the requirements of Rule 8(a) and Twombly/Iqbal and will dismiss Plaintiff's breach of contract claim without prejudice.

**B. Defamation**

The complaint contains more specific allegations concerning the defamation claim, and the Court finds that there are enough facts to demonstrate that the right to relief is more than speculative.  Specifically, Plaintiff alleges that Defendant Bohm and the other defendants told high-level officers at Plaintiff's new employer that Plaintiff was about to be criminally charged with rape, when the defendants knew that the statement was false.  (Compl. ¶ 20.)  Defendants assert that the

claim fails because Plaintiff does not identify the source of
the defamatory statement or the person or persons to whom the
statement was made.  (Defs.' Br. 9.)

The Court disagrees with Defendants' argument.  While the
complaint does not contain a great deal of factual allegations,
it contains enough facts to raise Plaintiff's right to relief
above the speculative level.  Plaintiff has stated who made the
statement (Bohm and the other defendants), to whom the statement
was made ("high-level officers" of Plaintiff's current
employer), what was stated (that Plaintiff was going to be
criminally charged for rape), approximately when the statement
was made (between the end of 2013 and the filing of the
complaint in June 2014 (Compl. ¶ 13)), and why the statement was
made ("intent to harm the plaintiff's professional and personal
reputation and his ability to earn income, earn a living or
otherwise earn the money necessary for Plaintiff to survive both
in business and personally" (id. ¶ 34)).  Furthermore, Plaintiff
refers to the statement as "slanderous" (id. ¶ 23), thereby
suggesting that the statement was made orally rather than in
writing.  See Restatement (Second) of Torts § 577, cmt. a
(1965)("In the case of slander, the act is usually the speaking
of the words, although under some circumstances there may be an
act of publication by transitory gestures[.] . . . In the case

of libel, there is usually some act whereby written or printed words are brought to the attention of a third person[.]").

The complaint contains enough factual matter to put Defendants on notice of the claim they must defend against. Further specificity regarding who made the statement or to whom the statement was published is not necessary under the federal rules.  See Blocker v. Cmty. Educ. Ctrs., Inc., Civ. A. No. 13-5127, 2014 WL 1348959, at *7 (E.D. Pa. Apr. 7, 2014) ("'Under Federal Rule of Civil Procedure 8(a), a defamation plaintiff does not have to plead the precise defamatory statements, nor must she specifically name the person who made the statements. . . . As long as a defamation count provides sufficient notice to defendants it states a claim.'") (internal citation omitted); Varrato v. Unilife Corp., Civ. No. 1:11-398, 2011 WL 1522170, at *4-5 (M.D. Pa. Apr. 20, 2011)(allegation that defamatory statement was made to "Unilife employees, vendors and/or suppliers" satisfied federal pleading standards, and plaintiff did not need to specifically plead party to whom statements were made).  Defendants' motion for judgment on the pleadings as to the defamation claims contained in Counts II, IV and VII is therefore denied.[3]

---

[3] To the extent Count VII relates to conduct other than the defamatory statement allegedly made by Bohm and/or the other defendants, there are no facts to support such claim.  The only two instances of wrongdoing described in the complaint concern a

**C. Claims for Economic Loss**

Several of Plaintiff's claims are based on alleged economic loss, but the complaint fails to contain facts to support these allegations.  For example, Count III alleges that as a result of Defendants' defamatory conduct, Plaintiff has sustained "great economic loss," including loss of income and loss of future economic benefits.  (Compl. ¶ 25.)  Count VI alleges that the alleged breach of contract, defamatory statements, and other unspecified "acts of negligence" have interfered, and will continue to interfere, with prospective economic benefits. (Id. ¶ 32.)  Count VIII alleges that Defendants' conduct constitutes malicious interference with economic advantage which purportedly caused "grave economic losses."  (Id. ¶ 36.)

The economic losses alleged in the complaint that have factual support relate to contractually-based damages.  In this regard, Plaintiff alleges that he is owed a sum of money pursuant to a contract with Defendants, but there are no averments to support Plaintiff's claim for economic harm beyond the monies he is purportedly owed pursuant to contract.  The only other wrongful conduct alleged in the complaint is the

---

breach of contractual obligations, for which the damages would be those warranted under the contract, and defamation.  While the complaint refers to other unspecified acts of negligence, there are no facts concerning other negligent conduct by any of the defendants.  Consequently, the Court will allow Count VII to proceed as it relates to the defamation claim only.

defamatory statement that Bohm and the other defendants purportedly made, but Plaintiff does not allege any economic harm resulting therefrom.[4]  Accordingly, Count III, Count VI, and Count VIII do not contain facts sufficient to meet the federal pleading requirements and will be dismissed without prejudice.

>    **D.   Remaining Counts**

Count IX is a boilerplate negligence claim.  To the extent such claim is predicated on the conduct of Defendants in making defamatory statements, the claim will be dismissed as duplicative.  Under both New Jersey and New York law, defamation requires some level of negligence by the defendants in making false statements about a plaintiff.  Under New Jersey law, "a traditional negligence standard of fault is applicable" when the plaintiff is a private figure.  Zheng v. Quest Diagnostics, Inc., 248 F. App'x 416, 418 n.3 (3d Cir. 2007).  Under New York law, fault is judged, "at a minimum," by a negligence standard. Dillon v. City of New York, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (N.Y. App. Div. 1999).  Because the Court has already allowed the defamation claim to proceed, Plaintiff's stand-alone

---

[4] Plaintiff alleges that he was forced to answer questions, is subjected to additional scrutiny by his new employer, suffers emotional distress as a result of the scrutiny, and has suffered damage to his personal and professional reputation (Compl. ¶¶ 21-23, 27), but he does not allege that his employment was terminated, that his income has somehow been reduced, or any other facts to demonstrate that the defamatory statement has caused Plaintiff economic harm.

negligence claim based on defamatory statements is subject to dismissal.

Moreover, to the extent the negligence claim is based upon Defendants' failure to comply with contractual obligations, the claim is subject to dismissal under the "economic loss" doctrine under both New Jersey law and New York law.  See Carpenter v. Plattsburgh Wholesale Homes, Inc., 83 A.D.3d 1175, 1176, 921 N.Y.S.2d 654 (N.Y. App. Div. 2011) ("damages alleged by plaintiffs were 'contractually based' and the economic loss doctrine served to bar their causes of action alleging that defendants were negligent."); Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316, 788 A.2d 268 (N.J. 2002)("Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law.").  Count IX will therefore be dismissed with prejudice.

In Count X, Plaintiff attempts to plead punitive damages as a stand-alone cause of action.  However, "[p]unitive damages are a remedy incidental to [a] cause of action, not a substantive cause of action in and of themselves."  Hassoun v. Cimmino, 126 F. Supp. 2d 353, 372 (D.N.J. 2000) (citation omitted).  As Count X does not state an independent cause of action, this count will be dismissed with prejudice.

Finally, Count XIII is a claim for respondeat superior against Vanguard, for the actions of its employees.  Count XIII also asserts a claim against Bohm and Ofsie for their own actions, and as the owners and officers of Vanguard for the actions of Vanguard's employees.  To the extent Count XIII asserts claims against Bohm and Ofsie for their own actions, such claims would be subsumed within the other causes of actions and are merely redundant, thus warranting dismissal.

Moreover, to the extent Count XIII asserts claims against Vanguard, Bohm and Ofsie for the actions of their agents, the claim fails because there is no separate cause of action for respondeat superior.  The respondeat superior doctrine "'recognizes a vicarious liability principle pursuant to which a master will be held liable in certain cases for the wrongful acts of his servants or employees.'"  Allia v. Target Corp., Civ. A. No. 07-4130, 2008 WL 1732964, at *6 (D.N.J. Apr. 10, 2008) (internal citation omitted).  Plaintiff does not need to plead respondeat superior as a separate cause of action, because he has already availed himself of this doctrine.  By contending that Vanguard employees have committed various acts against him, and by bringing these claims against the employees, Bohm, Ofsie, and Vanguard, Plaintiff has asserted claims based on respondeat superior.  Consequently, a separate cause of action for respondeat superior is simply redundant, and must be dismissed.

14

See <u>Calkins v. Dollarland, Inc.</u>, 117 F. Supp. 2d 421, 434
(D.N.J. 2000) (dismissing plaintiff's separate respondeat
superior claim as redundant to hostile-environment harassment
claim because that claim was grounded in theory of vicarious
liability); <u>Russo v. Ryerson</u>, Civ. A. No. 01-4458, 2006 WL
477006, *28 n.24 (D.N.J. Feb. 28, 2006) (stating that respondeat
superior is basis for liability under Title VII and New Jersey
Law Against Discrimination, not separate cause of action).

**V.   <u>CONCLUSION</u>**

     In sum, while Plaintiff filed his complaint in New Jersey
state court, the matter was removed to this Court and the
complaint is therefore subject to the pleading standards of
Federal Rule of Civil Procedure 8(a) and <u>Twombly/Iqbal</u>.  Other
than the defamation claim, the complaint fails to satisfy these
federal pleading requirements.  The Court will therefore dismiss
all claims other than the defamation claims and allow Plaintiff
an opportunity to refile his claims in accordance with the
standards set forth herein.  Only Plaintiff's defamation claim
as set forth in Counts II, IV and VII will remain in this
action.  Plaintiff's claim for breach of contract as contained
in Counts I and V, and any claims for economic loss arising from
the alleged defamatory conduct of Defendants, as contained in
Counts III, VI and VIII, will be dismissed without prejudice,

15

and the Court will grant Plaintiff leave to amend the complaint to properly assert these claims.  Plaintiff's claims for negligence, punitive damages, and respondeat superior, as contained in Counts IX, X and XIII respectively, will be dismissed with prejudice.[5]

Additionally, the Court recognizes that at this time Plaintiff's counsel seeks to withdraw from representing Plaintiff, and a motion to withdraw is presently pending before the Honorable Joel Schneider, United States Magistrate Judge. In the event that Judge Schneider grants the request of Plaintiff's counsel to withdraw his representation of Plaintiff in this matter, Plaintiff must file an amended complaint within thirty days of the date on which he either enters an appearance pro se or new counsel enters an appearance on Plaintiff's behalf.  If Judge Schneider denies the motion to withdraw as counsel, Plaintiff must file an amended complaint within thirty days of the date on which Judge Schneider enters his Order.

An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated: June 10, 2015
At Camden, New Jersey

---

[5] Because the claims in Counts XI and XII against fictitious entities and individuals are merely placeholder claims, the Court does not address them in this Opinion and such claims will not be subject to dismissal.

16